. *Ex parte* ANDREW P. MORGAN and others, appellants.

*In re* NATHANIEL S. BOOTHBY.

York.    Opinion December 21, 1885.

*Insolvent law.   Composition.   Appeal.   Discharge.*

.'An appeal does not lie to the Supreme Judicial Court from a decree, by the court of insolvency, allowing a discharge to an insolvent who* has made a composition settlement with his creditors, even though one cause of appeal be that the judge below refused to compel the insolvent to undergo an ·examination concerning his property at the request of creditors dissatisfied with the settlement.

REPORT of facts agreed.

Appeal from decree of the judge of the court of insolvency in ;granting a discharge to the insolvent and in refusing to allow an examination of the insolvent on the motion in writing of the appellants.

*N. and H. B. Cleaves*, for the appellants.

*H. Fairfield*, for the insolvent.

PETERS, C. J.    It is here claimed that an appeal lies from the allowance of a discharge of an insolvent who made a composition settlement with creditors. The case of *In re Hoyt*, 76 Maine, 394, is an authority directly opposed to such claim. The appellant contends that an appeal should be open to him in the

present case, because he was denied the privilege of having the insolvent personally examined concerning his property. But that refusal by the judge, gave no cause for an appeal. It was designed that a single creditor should not be enabled to block or delay such a settlement. The idea of the law is, rapid proceedings and speedy settlements. Delays have a tendency to lessen the amount of an insolvent estate. There are a great many matters in insolvency proceedings which must be finally settled by the judge. He could see no expediency in an examination of the debtor after the composition agreement was entered into ; and we see none.

*Appeal dismissed.*

WALTON, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.